PEOPLE *ex rel.* MANN v. MOTT.

*Highway — powers of commissioners to asses damages.*

Commissioners appointed by the county court to assess damages upon the laying out of a highway, made and signed their assessment, delivered it to one of the commissioners of highways, who filed it with the town clerk. They subsequently made and filed another assessment. *Held*, that the power of the commissioners to assess was expended when they signed the first determination, and they could not review their action, and an appeal taken more than twenty days after the first assessment was filed, although within twenty days of the filing of the second, was too late.

CERTIORARI upon the relation of John Mann, directed to Jacob Mott, and others, commissioners of highways and town clerk of the town of Greenburgh, Westchester county, to review the proceedings had upon the assessment of relator's damages for laying out a highway in said town.

The highway mentioned was laid out by proceedings duly taken for that purpose by the commissioners of highways. Three commissioners were appointed by the county court, to assess the damages for the laying out of said highway. They met, acted, and agreed upon an assessment, which was signed by all of them. This assessment bears date January 9, 1873, and was delivered to one of the highway commissioners of said town, who filed the same in the town clerk's office January 18, 1873. By this assessment the damages of the relator were assessed at $600. On the 29th of January, 1873, the commissioners to assess again met and conferred upon the subject of said assessment, and made and signed a supplementary assessment, which was delivered to one of the commissioners of highways and filed in the town clerk's office on the 14th of February, 1873. On the 25th of February, 1873, an appeal was taken, a notice being served on the town clerk asking for a jury to re-assess damages. A jury was duly drawn and a re-assessment made by them, in which the damages of relator were assessed at six cents.

*J. O. Dykman,* for relator.

*L. T. Yale* and *C. Frost,* for respondents, cited *Woolsey* v. *Tompkins,* 23 Wend. 324; *Hallock* v. *Woolsey,* id. 328; *Matter of Lewis*

*St.,* 2 Wend. 472, 476; *Livingston* v. *Mayor of New York,* 8 Wend. 85, 100; *Matter of Furman St.,* 17 Wend. 651, 662; *People* v. *Board of Assessors,* 39 N. Y. 81.

BARNARD, P. J. The commissioners appointed by the county court to assess the damages occasioned to the several owners by the laying out the road in question, expended their powers when they made and signed their written determination dated the 9th of January, 1873, and delivered the same to the commissioners of highways. They could not again meet to review the same, or to correct errors therein. It would be an evil precedent to establish, that a board of commissioners to assess damages may save 'an appeal by giving a new certificate of assessment.

The subsequent proceedings, so far as they affect the relator, must be held void, for the reason that no valid appeal has been taken from the original assessment.